UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


MICHAEL S. WOLCOFF,

        Petitioner,

vs.                                    Case No. 3:05-cv-312-J-20MMH

JAMES V. CROSBY, JR., et al.,

        Respondents.
_____

## ORDER OF DISMISSAL WITH PREJUDICE

Petitioner, a prisoner of the Florida penal system who is proceeding pro se, initiated this action by filing a Petition (Doc. #1) for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 12, 2005. He challenges an August 31, 2001, state court (Duval County) conviction. On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA). This law amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Respondents contend, and this Court agrees, that Petitioner has not complied with the one-year period of limitation as set forth in this new subsection. See Respondents' Motion to Dismiss Untimely Petition for Writ of Habeas Corpus (Doc. #5), filed May 16, 2005.

The judgment under attack in the Petition was entered on August 31, 2001. Ex.[1] A at 3-7. Petitioner did not file a direct

---

[1] The Court hereinafter refers to the exhibits submitted with the Motion to Dismiss Untimely Petition for Writ of Habeas Corpus as "Ex."

appeal; therefore, his conviction became final on September 30, 2001, when the thirty-day period for filing his direct appeal expired. See Fla. R. App. P. 9.140(b)(3). Accordingly, Petitioner should have filed this action on or before September 30, 2002, unless any periods of time can be excluded from this one-year limitation period because Petitioner was pursuing a properly filed application for state post-conviction relief.

On June 14, 2004, 987 days after his conviction became final, Petitioner filed his first motion for post-conviction relief in state court. Ex. B at 1. Even assuming that this motion for post-conviction relief was properly filed, it did not toll the federal one-year limitation period because it had already expired. See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (per curiam), cert. denied, 531 U.S. 991 (2000) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [Petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Thus, this action was not timely filed.

Petitioner has not shown any justifiable reason why the dictates of the one-year limitation period should not be imposed upon him. See Petitioner's Motion of Respon[s]e to Respondents['] Motion to Dismiss Petition for Writ of Habeas Corpus as Untimely

(Doc. #7), filed May 31, 2005. Therefore, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ADJUDGED:**

1. Respondents' Motion to Dismiss Untimely Petition for Writ of Habeas Corpus (Doc. #5), filed May 16, 2005, is **GRANTED**, and this case is **DISMISSED** with prejudice.

2. The Clerk of the Court shall enter judgment dismissing this case with prejudice.

3. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 20 day of June, 2005.

_____
UNITED STATES DISTRICT JUDGE

ps 6/16
c:
Michael S. Wolcoff
Assistant Attorney General Trisha Meggs Pate